**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

LUIS GUERRERO,

Petitioner,

v.

NEY HIDALGO, *et al.*,

Respondents.

Case No. 2:26-cv-994

## ORDER

Petitioner Luis Guerrero filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that they are unlawfully detained by Immigration and Customs Enforcement. ECF No. 1. The petitioner asserts that they are entitled to immediate release or a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 9. Before the Court is an unopposed Report and Recommendation, in which the Honorable Douglas E. Miller, United States Magistrate Judge, concluded that the petition should be granted in part, and the petitioner should receive a bond hearing. ECF No. 8.

Judge Miller advised the parties of their rights to object to his findings and recommendations and explained that failure to timely object would result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. ECF No. 8 at 8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F. 2d 91 (4th Cir. 1984)). The time to file an objection has expired, and neither party objected to the Report and Recommendation.

In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(2); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

The Court has reviewed Judge Miller's findings and recommendations and found no clear error. Accordingly, the Report and Recommendation (ECF No. 8) is **ADOPTED**.[1]

Petitioner Luis Guerrero's petition for a writ of habeas corpus (ECF No. 1) is **GRANTED IN PART** and **RESERVED IN PART**.[2]

The respondents **SHALL** provide the petitioner with a bond hearing in front of an immigration judge pursuant to 8 U.S.C. § 1226(a), no sooner than November 2, 2026, but no later than November 5, 2026.

To enable the petitioner to prepare for the hearing, the respondents **SHALL** notify the petitioner of the Court's decision within 24 hours of the time this Order issues.

---

[1] Judge Miller advised the Court to grant the petition in part and deny it in part. The Court finds it more prudent to reserve ruling on the petitioner's request for immediate release. And Judge Miller did not include all the specific terms of the Court's instructions regarding the respondents' status report. The Report and Recommendation is adopted as modified in those two respects.

[2] The Court reserves ruling on the petitioner's request for immediate release. If the respondents do not comply with this Order or otherwise provide the petitioner with constitutionally inadequate process, the Court may order the respondents to release the petitioner.

The respondents are **ENJOINED** from denying bond to the petitioner on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2).

The respondents **SHALL** file a status report with this Court within three days after the petitioner's bond hearing and prior to any hearing on the merits, stating (1) the date, time, and manner (e.g., in person through an interpreter; in written English) in which the petitioner was informed about this Order; (2) whether the petitioner has been granted bond; and (3) if their request for bond was denied, the reason for that denial. Simply stating that the petitioner's request for bond was denied because the petitioner was deemed a "flight risk" or a "danger to the community," without more, is insufficient.

In the event the petitioner is released on bond, the respondents are **ENJOINED** from rearresting the petitioner, unless they have committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should the petitioner be released on bond, the respondents are **FURTHER ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[3]

[3] Courts in this district have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).

The Clerk is **DIRECTED** to send a copy of this Order to the petitioner, terminate ECF No. 1 on the docket, and close this case.

**IT IS SO ORDERED**.

/s/

Norfolk, Virginia
October 26, 2026

Jamar K. Walker
United States District Judge